# Overseers of the Poor of Fermanagh Township *v.* Overseers of the Poor of Fayette Township, Appellants.

*Poor law—Findings of court below.*

Where the findings of fact of the court of quarter sessions in the matter of removal of a pauper are fully warranted by the evidence, such findings and the decision of the court based thereon will not be disturbed by the appellate court.

Argued March 11, 1897. Appeal, No. 25, March T., 1897, by defendant, from order of Q. S. Juniata Co., September Sessions, 1895, No. 1, discharging order of removal. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Appeal by the overseers of the poor of Fayette township poor district from an order removing Stewart Wilson Page, a pauper, to the poor district of Fayette township, Juniata county from the poor district of Fermanagh township, Juniata county, and upon opinion and decree sustaining appeal in the court below and discharging order of removal. Before LYONS, P. J.

It appears from the opinion of the court below that Stewart Wilson Page, a minor child of Jacob S. Page, became a charge upon Fermanagh township. The pauper is the grandson of Jacob Page who owned a farm in Fayette township where he lived at the time of the birth of Jacob S. Page, who thus had a settlement in Fayette township by birth; he also gained a settlement for himself in said township. It was claimed, however, that Jacob S. had obtained a settlement in Milford township before his minor son became a charge upon Fermanagh township. That said settlement was gained by a series of leasings. As to the leasing of one house covering a period of five months the controversy arose over the alleged leasing of the second house known as the McCullough house, the use of which was accorded to Jacob S. as part payment of his services as a farm laborer. He subsequently moved into another house known as the Dixon house.

In regard to these facts the court below, LYONS, P. J., found

as follows : " Under this state of facts was there a leasing of
the McCullough house as contemplated by the act of assembly?
The contract between Stewart McCullough and Jacob S. Page,
was very similar to that in Beaver v. Hartley, 11 Pa. 254.   Page
was to have, according to his own testimony, $12.00 per month,
and house rent and fire wood free ; and according to the testi-
mony of W. H. Souder, $10.00 per month, and house and fire
wood, the use of a cow and some potatoes that were in the ground.
The monthly wages were therefore not the only consideration
for his labor, but the occupancy of the house was a part of it.
And Page testifies that if he had not had the use of the house
he would have wanted at least $2.00 per month more wages.
He further testifies that, this arrangement was to last until
spring.   He also testified that after the death of Stewart Mc-
Cullough he made a new contract with his daughter " Nelle,"
by which he was to get $12.00 per month, house rent and fire
wood until after the sale of the personal property of Stewart
McCullough, deceased.   The testimony shows that Stewart Mc-
Cullough died November 30, 1890, and that the personal prop-
erty was sold December 23, 1890.   That from that time on
nothing was said about rent, but he was to live in the house
and take care of the property.   This was a farm house which
the former tenant had on account of a disagreement between
him and his landlord, vacated and left empty, and it was impor-
tant to have the house occupied by someone who would take
care of the barn and the other outbuildings thereon.   This
according to the evidence was worth the rent of the house, and
the rent of the house was worth more than $10.00 per annum,
and the rent was paid by the services of Jacob S. Page.

Occupancy of a tenement as a reward for services will gain a
settlement: Burns' Justice, 519 ; Beaver v. Hartley, 11 Pa. 254 ;
Laporte Borough v. Hillsgrove township, 95 Pa. 269.   The
amount of the rent is not material if the tenement be of the
yearly value of $10.00 : Burns' Justice, Pa. 522.   The testimony
does not show how long Page lived in the Dixon house, but it
was at least six months. As J. W. Stimmel testified that he
paid $9.50 and " did not pay rent for the whole time he was in
there."

The following are therefore found as facts :

1. That Jacob S. Page, bona fide, took a lease of the Maurice

Leonard house at the rent of $16.00, per annum, and dwelt therein from about April 1, A. D. 1890, until about September 1, A. D. 1890, and paid $8.00 rent.

2. That Jacob S. Page took a lease of the Stewart McCullough farm house and dwelt therein from the time he moved from the Maurice Leonard house, about September 1, 1890, until about the 15th day of March, 1891, when he moved into the Dixon house. That said house was of the yearly value of at least $24.00, and that he paid the rent of said house in services.

3. That he took a lease of the Dixon house from February 17, 1891, to April 1, 1892, at the rent of $24.00 to be paid in equal monthly instalments of $2.00 each, and dwelt therein more than four months and paid $9.50 rent.

4. That he dwelt more than one year in these three houses, continuously, that each were of the yearly value of more than $10.00, and that he paid more than $10.00 rent.

5. That all of these houses are in Milford township.

6. That Milford township is the last place of legal settlement of the said Jacob S. Page, he having gained a settlement in Milford township before his son, Stewart Wilson Page, became a charge upon Fermanagh township.

### CONCLUSIONS OF LAW.

1. That Jacob S. Page gained a settlement in Milford township.

2. That Milford township is the last place of legal settlement of his minor son, Stewart Wilson Page.

3. That the order of removal in this case must be discharged.

*Errors assigned* were to the findings of fact and conclusions of law and to points and to the order discharging the order of removal.

*George L. Hower* and *J. Howard Neely*, for appellants.—" In order to acquire a settlement in a given township under clause 3, of the Poor Law of June 13, 1836, sec. 9, P. L. 539, a person must comply strictly with all the requirements thereof. He must therefore (1) take a lease of premises within the township, (2) which premises must be of the yearly value of ten dollars, (3) he must dwell on said premises for one whole year, and (4)

must pay the rent, of the same : " Beaver Township v. Rose Township, 98 Pa. 636.

" A possession of premises for two months without paying rent, cannot be tacked on to a possession for ten months of other premises paying more than ten dollars rent, so as to make a continuous dwelling in order to secure a settlement under this clause."

" All contracts rest upon the mutual and accordant wills of the parties. A lease cannot be fairly implied from circumstances and conduct which show that none was intended by the parties : " Walker Overseers v. Marion Overseers, 148 Pa. 1 ; Overseers v. Milford Overseers, 12 C. C. R. 321.

*Will L. Hoopes,* for appellee.

PER CURIAM, April 19, 1897 :

The decision of this case by the court below based on its findings of fact and conclusions of law, is fully warranted by the evidence. Hence it becomes unnecessary to consider the sufficiency of the exceptions taken in the court below. The appeal being without substantial merit, it is not material whether the exceptions are adequate in point of form or specific character.

The decree of the court below is affirmed.